**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SHARON E. KNIGHT,
                    Appellant,

            v.

OFFICE OF PERSONNEL
    MANAGEMENT,
                    Agency.

DOCKET NUMBER
NY-0845-16-0194-I-1

DATE: November 17, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sharon E. Knight</u>, Hempstead, New York, pro se.

<u>Sarah Murray</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to address the agency's response to the Board's August 15, 2016 Order to Show Cause, we AFFIRM the initial decision.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶2       On October 10, 2015, the appellant requested reconsideration of an Office of Personnel Management (OPM) decision that she had been overpaid $11,040.80 in Federal Employees' Retirement System annuity benefits. Initial Appeal File (IAF), Tab 1 at 11. On February 26, 2016, OPM issued a reconsideration decision affirming its calculation of the overpayment and denying the appellant's request for a waiver. *Id*. at 11-13. OPM indicated that it would collect the overpayment in 73 monthly installments of $150.00, plus 1 installment of $90.80, beginning with the appellant's June 1, 2016 annuity payment check. *Id*. at 13.

¶3       On March 7, 2016, the appellant filed a Board appeal contesting OPM's reconsideration decision. *Id*. at 1-11. On April 13, 2016, OPM moved to dismiss the appeal, stating that it had "decided to rescind the February 25, 2016 final decision." IAF, Tab 7 at 4. OPM further represented that, after the appellant's appeal was dismissed, it would render a new final decision. *Id.* Thereafter, on May 10, 2016, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction based on OPM's representation that it had

rescinded the February 25, 2016 reconsideration decision. IAF, Tab 9, Initial Decision (ID).

¶4 The appellant filed a timely petition for review of the initial decision, in which, among other things, she contended that, despite OPM's representation that it rescinded the reconsideration decision, OPM began collecting the overpayment, and withheld $150.00 from her June 1, 2016 annuity payment check. Petition for Review (PFR) File, Tab 1 at 1. With her petition for review, the appellant submitted a printout from OPM's website regarding her annuity statement for the "pay period ending" June 1, 2016, which indicated a deduction of $150.00 for "Collection of Annuity Overpayment."[2] *Id.* at 4. OPM responded to the petition for review, but did not address the appellant's contention that it began collecting the overpayment after the initial decision was issued. PFR File, Tab 3.

¶5 When OPM completely rescinds a reconsideration decision, the rescission divests the Board of jurisdiction over the appeal in which the reconsideration decision is at issue, and the appeal must be dismissed. *Martin v. Office of Personnel Management*, 119 M.S.P.R. 188, ¶ 8 (2013). However, if OPM does not restore the appellant to the status quo ante, the reconsideration decision has not been rescinded, and the appeal remains within the Board's jurisdiction. *Id.*, ¶ 10. In the instant appeal, because the appellant's evidence and argument on review raised a question as to whether OPM had restored the appellant to the status quo ante, on August 15, 2016, the Board issued a show cause order directing OPM to submit additional evidence and argument on this issue and directing the appellant to respond to OPM's submission. PFR File, Tab 4. OPM

---

[2] The appellant also submitted copies of a pleading that she filed below, the initial decision, and an order issued by the administrative judge. *Id.* at 6-18; *see* IAF, Tab 3 at 1.

timely responded to the show cause order, but the appellant did not respond.[3] PFR File, Tab 6.

¶6       In its response to the show cause order, OPM explained that it erroneously withheld $150.00 from the appellant's June 2016 annuity payment after rescinding the reconsideration decision.  *Id*. at 4.  OPM provided evidence that, after realizing its error, on June 16, 2015, it refunded the $150.00 to the appellant.  *Id*. at 4, 6.  The appellant has not disputed these assertions.

¶7       Based on our review of OPM's submissions, we find that OPM has completely rescinded its reconsideration decision and restored the appellant to the status quo ante.  Because the rescission of a reconsideration decision divests the Board of jurisdiction over an appeal in which that decision is at issue, the Board lacks jurisdiction over the instant appeal.  *See Rorick v. Office of Personnel Management*, 109 M.S.P.R. 597, ¶ 5 (2008).

¶8       The appellant's remaining arguments on review regarding the merits of the rescinded reconsideration decision and concerns about reprisal by OPM are not relevant to the dispositive jurisdictional issue, and thus, do not provide a reason to disturb the initial decision.  PFR File, Tab 1 at 1-2; *see, e.g.*, *Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 7 (2012) (finding that an appellant's arguments on review regarding the merits of an agency action were not relevant to whether the Board had jurisdiction over an appeal).  Accordingly, we affirm the initial decision.

¶9       However, as noted above, OPM has indicated that it intends to issue a new reconsideration decision concerning the alleged overpayment.  IAF, Tab 7 at 4.  Therefore, although OPM's rescission of its February 26, 2016 reconsideration decision divests the Board of jurisdiction over this appeal, the issues on appeal are not moot because it is possible that OPM will renew its collection efforts in

---

[3] Although the appellant did not respond to the show cause order, she registered as an e−filer after the show cause order was issued.  PFR File, Tab 7.

the future.  *See Rorick*, 109 M.S.P.R. 597, ¶ 6.  We therefore dismiss the appeal without prejudice to the appellant filing a new appeal with the appropriate regional office concerning any future reconsideration decision by OPM on the same matter.  *See id*., ¶ 7.  Any future appeal must be filed within the time limits set forth in the Board's regulations.  *See* 5 C.F.R. § 1201.22.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se

Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:    _____
             Jennifer Everling
             Acting Clerk of the Board

Washington, D.C.